UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS ORZOLEK,**

    **Plaintiff,**

v.

    **Civil Action 2:25-cv-78**
    **Chief Judge Sarah D. Morrison**
    **Magistrate Judge Elizabeth P. Deavers**

**ELIGO ENERGY, LLC,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court to consider a motion to stay discovery filed by Defendants Eligo Energy, LLC and Eligo Energy OH, LLC (collectively, "Eligo"). (ECF No. 21.) Plaintiff, Thomas Orzolek, has responded and Defendants have filed a Reply. (ECF Nos. 24, 25.) For the following reasons, the motion (ECF No. 21) is **DENIED.**

**I.**

On January 30, 2025, Plaintiff filed this action on behalf of himself and a putative nationwide class of Eligo customers with equivalent contract terms, alleging Eligo charged him variable rates that violated his contract's pricing terms. (ECF No. 1.) On April 1, 20205, Eligo filed a motion to dismiss or, in the alternative, to stay under the first-to-file rule. (ECF No. 11.) On May 16, 2025, Eligo filed the subject motion to stay discovery. (ECF No. 21.) The motion to dismiss (ECF No. 11) was fully briefed by June 5, 2025. (ECF No. 26.) In an Order dated September 16, 2025, the presiding Chief District Judge stayed this action, citing Eligo's reliance on similarly situated class action lawsuits filed by Plaintiff's counsel in New York, *Brous v. Eligo Energy, LLC,* No. 1:24-CV-1260 (S.D.N.Y. filed Feb. 20, 2024), and Pennsylvania, *Bodkin*

*v. Eligo Energy, LLC*, No. 2:25-CV-94 (W.D. Penn. filed Jan. 21, 2025) as support for its first-to-file argument. In that Order, the Chief Judge explained:

> Eligo moved to stay this case in its entirety and to stay discovery, arguing, among other things, that the Court should apply the first-to-file rule because the proposed classes in both Brous and Bodkin will include Mr. Orzolek. (ECF No. 11, PAGEID # 63–64.) The first-to-file rule provides that "when actions involving nearly identical parties and issues have been filed in two different district courts 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.,* 16 F. App'x 433, 437 (6th Cir. 2001) (citation omitted). When the first-to-file rule is invoked in the context of class actions, courts must "evaluate the identity of the parties by looking at overlap with the putative class." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016). The Court finds instead that a brief stay is warranted pending the outcome of the motion to amend the complaint in *Bodkin.* Although the *Brous* court has narrowed the geographic scope of the *Brous* class such that it excludes Mr. Orzolek, the operative proposed class in *Bodkin* would include Mr. Orzolek because he was an Eligo customer "charged a variable rate for electricity or natural gas services[.]" Compl. ¶ 125, *Bodkin*, No. 2:25-CV-94. However, the pending motion to amend the *Bodkin* complaint, if granted, would exclude Mr. Orzolek as a class member. Mot. for Leave to File Am. Compl. Ex. A ¶ 128, *Bodkin*, No. 2:25-CV-94. A stay in this action will promote judicial economy because the ruling on the motion to amend the complaint in *Bodkin* will likely be dispositive of whether the first-to-file rule applies here. The public welfare is also served by reducing unnecessary judicial expenditures caused by duplicative cases. *See Rowe v. JPMorgan Chase Bank, N.A*., 2024 WL 4328940, at *3 (S.D. Ohio Sep. 24, 2024) (Sargus, J.). Finally, a stay will not cause significant hardship or prejudice to the parties, particularly considering that the stay will last only until the *Bodkin* court rules on the pending motion to amend.

(ECF No. 28.)[1]

On October 7, 2025, the Chief Judge, noting that "(1) Eligo filed a motion with the Judicial Panel on Multidistrict Litigation to transfer this case, along with Bodkin, to the Southern District of New York; and (2) the Bodkin court denied the motion to amend and stayed the case

---

[1] As also noted in the Order staying this case, the *Brous* plaintiffs had moved to amend their complaint to narrow the geographic scope of their proposed class to only New York residents and exclude any Eligo customer included in the proposed classes in *Bodkin* or this case. By Opinion and Order dated September 12, 2025, the *Brous* court granted the *Brous* plaintiffs' motion to amend and denied Eligo's motion to dismiss. (ECF No. 28.) The *Brous* plaintiffs filed their amended complaint on September 16, 2025. (See *Brous*, ECF No. 272.)

pending resolution of the MDL motion," extended the stay of this case pending the resolution of the MDL motion and ordered the parties to file a joint status report. (ECF No. 31.)

On December 17, 2025, the Court received the order from Judicial Panel on Multidistrict Litigation denying transfer. (ECF No. 32.) On December 18, 2025, the parties filed a Joint Status Report with Plaintiffs noting that "the plaintiffs in *Bodkin* filed an amended complaint in that action that narrowed the scope of the proposed class to Eligo's Pennsylvania customers. *See Bodkin*, ECF No. 65 (amended complaint)."[2] (ECF No. 33.)

The Chief Judge formally lifted the stay on February 4, 2026. (ECF No. 36.) Accordingly, consistent with discussions at the Status Conference before the Undersigned held on January 12, 2026, the pending motion to stay discovery is now ready for review. It is with the above background in mind that the Undersigned now proceeds to consider that motion. (ECF No. 21.)

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a

---

[2] The Court's review of the docket in *Bodkin* confirms that, following the court's notation of certain procedural irregularities, the court granted the plaintiffs leave to re-file the amended complaint and the amended complaint was filed on December 22, 2025. (*See* ECF Nos. 65, 66, 67, and 68 in *Bodkin*.) The Court's review further confirms Plaintiff's representations here regarding the narrowed scope of the class in *Bodkin*. That is, the geographic scope of the proposed class has been narrowed to only Pennsylvania residents and excludes any Eligo customer included in the proposed classes in *Brous* or this case. (ECF No. 68 in *Bodkin*, at ¶¶ 125, 127.)

determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting

*Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

Eligo contends that its pending motion to dismiss under Rules 12(b)(1) and 12(b)(6) warrants a stay of discovery.[3] The Court concludes Eligo has failed to demonstrate a stay of discovery is warranted here.

The pendency of Eligo's motion to dismiss under Rule 12(b)(6) does not weigh in favor of granting a stay. In exercising its discretion, the Court frequently has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010). The Court has explained the reasons for this approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at

---

[3] Given the change in posture of the *Bodkin* and *Brous* cases as set forth above, and relying on the Chief Judge's discussion in the Order initially staying this case (ECF No. 28), the Undersigned will not address Eligo's additional argument that the first-to-file rule requires a stay of discovery here.

> 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation .... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). That reasoning is applicable here.

Eligo's alternative argument regarding subject matter jurisdiction also does not weigh in favor of a stay. According to Eligo, the Public Utilities Commission of Ohio ("PUCO") possesses exclusive jurisdiction over this matter. As this Court has explained, however, a request for a stay of discovery pending resolution of a motion to dismiss that does not go to the merits of the case is even less compelling:

> [R]equests for a stay of discovery pending the resolution of an initial Rule 12 motion are not limited to motions brought under Rule 12(b)(6). Parties commonly move for stays of discovery pending a variety of Rule 12 motions, including motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or improper venue. However, the impact of these types of motions on the issue of whether discovery should proceed is not substantially different. In fact, it could be argued that because these types of motions do not go to the merits of the case, but only to the forum in which it proceeds, there is even less reason to stay discovery pending their outcome. Any discovery taken while such a motion is pending would, of course, be available for the parties to use if the case is dismissed other than on the merits and then refiled in a Court where subject matter or personal jurisdiction is proper.

Indeed, this Court frequently has denied stays of discovery in the face of motions to dismiss for lack of subject matter jurisdiction. *Ohio ex rel. Yost v. Ascent Health Servs. LLC*, No. 2:23-CV-1450, 2023 WL 4836950, at *3 (S.D. Ohio July 28, 2023) (citing cases). In such

cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay). *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020). Without expressing any opinion as to the merits of Eligo's dispositive motion, a brief overview of the parties' briefing reveals that the situation here is more accurately viewed as fairly debatable under the circumstances. Moreover, by Eligo's own assertion, even if this action were not to proceed here, it would proceed before the PUCO. Eligo does not argue that the discovery sought would not be useful in that PUCO proceeding.

Finally, Eligo has made no showing that discovery will be unduly burdensome here. At most, Eligo cites discovery issues that apparently arose in the *Brous* action. That such conduct would occur in this case is, at this point, no more than speculation. Moreover, there are procedural vehicles short of a stay of discovery to address such conduct should Eligo's concerns become reality.

Under these circumstances, Eligo has not shown that a stay of discovery is appropriate in this case.

### IV.

For these reasons, Defendants Eligo Energy, LLC and Eligo Energy OH, LLC's Motion to Stay Discovery (ECF No. 21) is **DENIED.**

**IT IS SO ORDERED.**

Date:  February 6, 2026      /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE